UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT J. HUGICK,

         Plaintiff,

-against-

ZIMMER BIOMET HOLDINGS, INC.,
ZIMMER BIOMET, INC., f/k/a
ZIMMER, INC. and ZIMMER BIOMET
US, INC.,

         Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**
Case No.: 6:24-CV-0290
(DNH/MJK)

---

Plaintiff, Robert J. Hugick, by and through his attorneys, DeGraff, Foy & Kunz, LLP, complaining of the Defendants, Zimmer Biomet Holdings, Inc., Zimmer Biomet, Inc., f/k/a Zimmer, Inc. and Zimmer Biomet US, Inc. (collectively "Zimmer" or "Defendants") alleges upon information and belief as follows:

## SUMMARY OF CLAIM

1. This action seeks damages for personsl injury, pain, suffering, and economic loss, including but not limited to the cost of past and future medical care, sustained by the Plaintiff, Robert Hugick, due to the liability of the Defendants, based on negligence, strict products liability, breach of warranty, and negligent misrepresentation arising from Defendants' manufacture, distribution, and sale of a defective total hip replacement medical device.

## JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs, and this action is between the Plaintiff, a citizen of the State of New York, and the Defendants, citizens of the State of Indiana.

3. This Court further has supplemental jurisdiction of this action pursuant to 28 U.S.C. §1367(a).

## PARTIES

4. Plaintiff Robert J. Hugick, is an individual residing in Richfield Springs, New York.

5. Defendant, Zimmer Biomet Holdings, Inc., formerly known as Zimmer Holdings, Inc. is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 345 E. Main Street, Warsaw, Indiana, 46580-2746.

6. At all relevant times, Defendant Zimmer Biomet Holdings, Inc. was a publicly traded holding company with wholly owned subsidiaries it controlled, which together tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised, marketed, distributed, and/or sold the Biomet Taperloc Complete 15 mm femoral stem with a high neck offset, 36 mm femoral head, with a +6 mm neck length, 56 mm outer diameter Ringloc Plus acetabular shell with a number 24 liner, a 10-degree elevated rim posterior inferior quadrant and a single 6.5 mm fixation screw (hereinafter the "Prothesis") in interstate commerce generating substantial revenue as a result.

7. Defendant Zimmer Biomet, Inc., is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 1800 West Center Street, Warsaw, Indiana, 46581-0708.

8. At all relevant times, Defendant Zimmer Biomet, Inc., was a wholly owned subsidiary of Zimmer Biomet Holdings, Inc which tested, studied, researched, designed, formulated, manufactured, inspected, labeled, purchased, promoted, advertised, marketed, distributed and/or sold the Prosthetic in interstate commerce and generated substantial revenue as a result.

2

9. Defendant Zimmer Biomet, US, Inc., formerly known as Zimmer US, Inc., is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 345 E. Main Street, Warsaw, Indiana, 46580-2746.

10. At all relevant times, Defendant Zimmer Biomet US, Inc. was a wholly owned subsidiary of Zimmer Biomet, Inc., which tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised, marketed, distributed, and/or sold the Prosthetic in interstate commerce and generated substantial revenue as a result.

11. The Defendants did, in the normal course of business, sell, transfer, deliver, or otherwise place in the stream of commerce the Prosthetic, and conducted business in, had, and continue to have significant, purposeful, and deliberate business contacts within the State of New York.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Negligence)**

12. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 11 above as if fully set forth herein at length.

13. On or about February 20, 2019, the Plaintiff underwent surgery for a total right hip replacement at Community Memorial Hospital, Hamilton, New York.

14. During the aforesaid surgery the Prosthetic manufactured and distributed by the Defendants was used to replace Plaintiff Robert J. Hugick's right hip.

15. At the time of its placement the Prosthetic was defective and not suitable for its intended use in the total hip replacement.

16. As a result of the defective nature of the Prosthetic, the Plaintiff Robert J. Hugick thereafter suffered significant medical problems and complications including metallosis and

failure of the Prosthetic necessitating revision surgery for total right hip replacement on or about May 3, 2023, causing him serious, painful, disabling, and permanent personal injuries.

17. The aforesaid metallosis, failure of the Prosthetic, and severe painful and disabling personal injuries suffered by the Plaintiff Robert J. Hugick, were directly and proximately caused by and due to the negligence of the Defendants, without any negligence on the part of the Plaintiff contributing thereto.

18. The negligence of the Defendants consisted, among other things, of the following:

   (a) in designing, manufacturing, and/or distributing for sale, the Prosthetic and its component parts, in a dangerous, defective condition, which exposed the Plaintiff Robert J. Hugick to unreasonable risk of harm, with the result that he suffered serious, painful, disabling, and permanent personal injuries;

   (b) in failing to conduct adequate mechanical testing, including corrosion, fatigue, or other wear testing on components, subassemblies, and/or the finished Prosthetic;

   (c) in failing to test an adequate number of sample devices on an on-going basis;

   (d) in failing to design the Prosthetic with proper material or in the proper manner for its intended use;

   (e) in failing to provide adequate warnings and instructions in regard to use of the Prosthetic and its component parts;

   (f) in failing to properly design and manufacture the Prosthetic and its component parts in the proper manner for its intended use causing fretting, corrosion, trunnionosis, metallosis, and system failure presenting an unreasonably dangerous condition for its intended use;

   (g) in failing to properly manufacture the Prosthetic and its component parts by doing so in a substandard way such that it did not maintain structural integrity when implanted in patients, including Plaintiff Robert J. Hugick, and used as intended;

   (h) in failing to adequately warn physicians, and patients, including the Plaintiff Robert J. Hugick, of any and all dangers and risks

4

associated and involved with use of the Prosthetic and/or its component parts.

(i) in failing to adequately warn physicians and patients, including the Plaintiff Robert J. Hugick, that use of the Prosthetic and/or its component parts, posed a significant, increased risk of fretting, corrosion, metallosis, trunnionosis, and product failure;

(j) in being otherwise careless and negligent under the circumstances.

19. The Defendants, by and through their agents, servants, employees, and/or owners, through affirmative misrepresentation and omissions, concealed from prescribing physicians and patients, including the Plaintiff Robert J. Hugick, the true risks associated with the Prosthetic and/or its component parts.

20. As a result of the aforesaid negligence of the Defendants, the Plaintiff Robert J. Hugick suffered serious physical injuries, pain and suffering, and was rendered and continues to be sick, sore, lame, and disabled, which injuries and disability will be permanent or have permanent effects.

21. By reason of the foregoing, the Plaintiff Robert J. Hugick was damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars in an amount to be determined by the Court, together with interest thereon as permitted by law.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Strict Products Liability-Manufacturing Defect)**

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein at length.

23. Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of orthopedic medical devices including the Prosthetic and/or its component parts.

24. The Prosthetic and/or its component parts, manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendants, was defective in its

5

manufacture and construction when it left the possession of the Defendants, posing a serious risk of injury to potential patients, including the Plaintiff Robert J. Hugick.

25. As a direct and proximate result of the Plaintiff Robert J. Hugick's use of the Prosthetic, as manufactured, designed, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff suffered serious physical injury, pain and suffering, and permanent disability.

26. By reason of the foregoing, the Plaintiff Robert J. Hugick was damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars in an amount to be determined by the Court, together with interest thereon as permitted by law.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Strict Products Liability- Design Defect)

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above as if fully set forth herein at length.

28. Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of orthopedic medical devices including the Prosthetic and/or its component parts.

29. The Prosthetic and/or its component parts, manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendants was defective in its design when it left the possession of the Defendants, posing a serious risk of injury to consumers, including the Plaintiff Robert J. Hugick.

30. As a direct and proximate result of the Plaintiff Robert J. Hugick's use of the Defendants' Prosthetic, as manufactured, designed, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff suffered serious physical injury, pain and suffering, and permanent disability.

31. By reason of the foregoing, the Plaintiff Robert J. Hugick was damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars in an amount to be determined by the Court, together with interest thereon as permitted by law.

## FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Strict Products Liability-Failure to Warn)

32. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 above as if fully set forth herein at length.

33. The Prosthetic was defective and unreasonably dangerous when it left possession of the Defendants in that it contained warnings insufficient to alert consumers, including the Plaintiff Robert J. Hugick, of the dangerous risks and reactions associated with the Prosthetic, including, but not limited to, the risks of developing serious and dangerous side effects including metallosis, the need for revision surgery, and the systemic effects of metal ion toxicity, as well as other severe and permanent health consequences despite the Defendants' knowledge of an increased risk of such injuries and side effects.

34. At the time of Plaintiff Robert J. Hugick's receipt and use of the Prosthetic, said Prosthetic was being used for the purposes and in a manner normally intended for such a device.

35. The Plaintiff Robert J. Hugick could not by the exercise of reasonable care, have discovered the defects set forth herein or perceived their danger.

36. The Defendants, as manufacturers and/or distributors of the Prosthetic, are held to the level of knowledge of an expert in the field.

37. The Defendants failed to provide adequate or appropriate warnings to the Plaintiff, Robert J. Hugick.

38. Had the Plaintiff Robert J. Hugick received adequate and appropriate warnings regarding the risks of the Prosthetic, he would not have used it.

39. As a result of the Defendants' failure to provide adequate and appropriate warnings, the Plaintiff Robert J. Hugick suffered serious physical injuries, pain and suffering, and was rendered and continues to be sick, sore, lame, and disabled, which injuries and disability will be permanent or have permanent effects.

40. By reason of the foregoing, the Plaintiff Robert J. Hugick has been damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars in an amount to be determined by the Court, together with interest thereon as permitted by law.

## FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Breach of Express And Implied Warranty)

41. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if fully set forth herein at length.

42. Upon manufacture and sale of the Prosthetic, and prior to transfer and sale thereof, and prior to its surgical implantation and use by the Plaintiff Robert J. Hugick, Defendants made certain express and implied warranties to the consuming public including the Plaintiff Robert J. Hugick, concerning the Prosthetic.

43. Upon the manufacture and sale of the Prosthetic, and prior to transfer and use thereof, Defendants expressly and impliedly warranted to the consuming public and the Plaintiff Robert J. Hugick, that the Prosthetic was of merchantable quality, and reasonably fit, safe, and suitable for its intended purpose.

44. The Prosthetic was not of merchantable quality, and not reasonably fit, safe, nor suitable for its intended purpose.

45. The Prosthetic did not conform to the express and implied warranties of the Defendants.

46. The Plaintiff Robert J. Hugick was not aware of and could not have discovered the defect in the Prosthetic which made the product unreasonably dangerous, unsafe, unfit, and unsuitable for its intended use and not of merchantable quality.

47. The severe, painful, and permanent injuries and disability suffered by the Plaintiff Robert J. Hugick were a direct and proximate result of the breach of the express and implied warranties by the Defendants.

48. By reason of the foregoing, the Plaintiff Robert J. Hugick has been damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, in an amount to be determined by the Court, together with interest thereon as permitted by law.

## SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Negligent Misrepresentation)**

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 above as if fully set forth herein at length.

50. At the time the Defendants tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised, marketed, distributed, and/or sold the Prosthetic, Defendants knew or should have known of the use for which the device was intended and the serious risks and dangers associated with use of the Prosthetic.

51. Defendants owed a duty to healthcare providers and consumers, including the Plaintiff Robert J. Hugick to accurately and truthfully represent the risks associated with the Prosthetic.

52. Defendants breached their duty by misrepresenting and/or failing to adequately warn the Plaintiff's orthopedic surgeon, the medical community, the public, and the Plaintiff Robert J. Hugick, about the risks associated with the Prosthetic including the device's greater

propensity for fretting and/or corrosion, causing metallosis, and need for revision surgery, which Defendants knew or in the exercise of reasonable diligence should have known.

53. The Plaintiff Robert J. Hugick and/or his healthcare providers reasonably relied on the Defendants' misrepresentations, and omissions concerning the serious risk associated with the Prosthetic and the representations of the Defendants that the Prosthetic was safe for its intended use.

54. As a direct and proximate result of the Defendants' negligent misrepresentations and omissions regarding the Prosthetic, the Plaintiff Robert J. Hugick suffered serious physical injuries, pain and suffering, and was rendered and continues to be sick, sore, lame, and disabled, which injuries and disability will be permanent or have permanent effects.

55. By reason of the foregoing, the Plaintiff Robert J. Hugick has been damaged in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars in an amount to be determined by the Court, together with interest thereon as permitted by law.

**WHEREFORE**, Plaintiff Robert J. Hugick demands judgment in his favor and against the Defendants, jointly and severally, on each claim for relief, together with interest thereon as permitted by law, costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:     Albany, New York
           February 28, 2024

George J. Szary, Esq.
Bar Roll No. 103572
DeGRAFF, FOY & KUNZ, LLP
*Attorneys for Plaintiff*
41 State Street, Suite 901
Albany, New York 12207
(518) 462-5300
gzary@dfklawfirm.com